IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO HEYWARD,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>    Defendants. | Case No. 17-cv-02890-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS [DKT. 22] AND DISMISSING WITHOUT LEAVE TO AMEND** |

On April 12, 2017, Plaintiff Marco Heyward ("Heyward") filed suit in Alameda County Superior Court against Defendants California Highway Patrol ("CHP") and Officer Garrett Hyer. See Compl. (dkt. 1). Heyward brings claims under 42 U.S.C. § 1983 for violations of the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Sixth Amendment. Id. at 4–9. He also brings a claim under Cal. Penal Code § 118. Id.

On May 19, 2017, the CHP removed the action to this Court. See Not. of Removal (dkt. 1). This Court granted CHP's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on Aug. 18, 2017, reasoning that Heyward could not make out a § 1983 claim against CHP because it is a state agency. See dkt. 17. Officer Hyer now moves to dismiss Heyward's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Heyward's claim arises out of a citation for a moving violation issued by Officer Hyer. Hyer argues that Heyward cannot maintain an action for damages resulting from the citation because the judge at the citation hearing found Heyward guilty of the moving

violation, and this finding has not been overturned on appeal.  See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).  Heyward counters that Heck is inapplicable because he was not imprisoned as a result of the conviction.  However, this argument finds support in neither the logic nor the plain language of Heck.  See id. at 486 (stating that its rule applies to challenges to unlawfulness of "conviction or confinement") (emphasis added).  Accordingly, Heck bars Heyward's federal claims.  Having dismissed all claims over which it has original jurisdiction, the Court finds that it also lacks supplemental jurisdiction over Heyward's state-law claim.  See 28 U.S.C. § 1367; Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

Amendment would be futile because there is no set of facts under which Heyward can state a valid and sufficient claim.  Therefore, the Court GRANTS Hyer's motion to dismiss, and dismisses the complaint without leave to amend.  The Court finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), and thus VACATES the hearing set for Dec. 8, 2017.  Should Heyward wish to file an appeal from this order, the Court refers him to page 61 of the Northern District of California's pro se handbook, available at http://cand.uscourts.gov/pro-se.

**IT IS SO ORDERED.**

Dated: Nov. 6, 2017

_____
CHARLES R. BREYER
United States District Judge